## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Jordan L. Tandy
Mark A. Frantz
Tiede Metz Downs Tandy & Petruniw, P.C.
Wabash, Indiana

ATTORNEY FOR APPELLEE

Jeffry G. Price
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Henry Shell,

*Appellant-Respondent,*

v.

Vicki Shell,

*Appellee-Petitioner.*

February 24, 2016

Court of Appeals Cause No. 52A05-1505-DR-456

Appeal from the Miami Superior Court

The Honorable Daniel C. Banina, Judge

Trial Court Cause No. 52D02-1310-DR-291

**Barnes, Judge.**

# Case Summary

Henry Shell appeals the trial court's division of property in the dissolution of his marriage to Vicki Shell. We affirm.

# Issues

Henry raises two issues, which we restate as:

  I. whether the trial court properly valued the marital property; and

  II. whether the trial court properly divided the marital property.

# Facts

Henry and Vicki were married in 1966. As of 2014, Henry had been retired on disability for approximately twenty years and received a pension. Vicki worked and paid most of the household bills. She retired in 2012 and received pensions from two previous employers, Schneider Electric and Moore Wallace. During the parties' marriage, Henry repeatedly filed bankruptcy due to credit card bills that he incurred. The mortgage on the parties' residence was caused by Henry again incurring credit card debt that they were unable to pay. Henry also made several personal injury claims during the marriage and placed his settlements in a bank account in Kentucky that he shared with his brother. In 2002, Vicki inherited a one-ninth interest in property in Kentucky that had been owned by her mother. Henry apparently inherited an interest in an oil and gas lease in Kentucky at some point during the marriage.

Vicki filed a petition for dissolution of marriage in October 2013. The trial court held a final hearing in May 2014 and dissolved the parties' marriage. The trial court took the division of property under advisement and held a further hearing in September 2014 regarding the parties' marital assets and the division of property. In December 2014, the trial court entered findings of fact and conclusions thereon dividing the marital assets. Henry filed a motion to correct error, which the trial court denied.

## Analysis

The parties here requested findings of fact and conclusions thereon under Indiana Trial Rule 52(A), which prohibits this court from setting aside the trial court's judgment "unless clearly erroneous." *In re Marriage of Nickels*, 834 N.E.2d 1091, 1095 (Ind. Ct. App. 2005). When a trial court has made special findings of fact, its judgment is "clearly erroneous" only if its findings of fact do not support its conclusions or its conclusions do not support its judgment. *Id.* We give due regard to "the opportunity of the trial court to judge the credibility of the witnesses." *Id.*

Henry first argues that the trial court adopted verbatim Vicki's proposed findings of fact and conclusions thereon. When a trial court accepts verbatim a party's proposed findings of fact and conclusions thereon, that practice "weakens our confidence as an appellate court that the findings are the result of considered judgment by the trial court." *Cty. of Lake v. Pahl*, 28 N.E.3d 1092, 1100 (Ind. Ct. App. 2015), *trans. denied*. It is not uncommon or per se improper,

however, for a trial court to enter findings that are verbatim reproductions of submissions by the prevailing party. *Id.* Although we do not encourage the wholesale adoption of a party's proposed findings and conclusions, the critical inquiry is whether such findings, as adopted by the court, are clearly erroneous. *Id.* Here, the trial court did not accept verbatim Vicki's proposed findings of fact and conclusions thereon. Although Vicki proposed a $25,000 equalization payment, the trial court ordered only a $10,000 equalization payment. Moreover, the relevant issue is whether the trial court's findings of fact and conclusions thereon are clearly erroneous.

## I. Valuation

Henry first challenges the trial court's valuation of several marital assets. The trial court's valuation of marital assets will only be disturbed for an abuse of discretion. *Nickels*, 834 N.E.2d at 1095. As long as evidence is sufficient and reasonable inferences support the valuation, an abuse of discretion does not occur. *Id.* We will not reweigh the evidence, and we will consider the evidence in the light most favorable to the judgment. *Id.* "Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court." *Id.*

Henry first argues that the trial court abused its discretion by failing to assign a value to Vicki's one-ninth interest in a Kentucky property that she inherited from her mother and shares with her siblings. With respect to this property, the trial court found:

It appears that both parties received some sort of property by inheritance from their family. The court received no particular information with regard to the value of the same. [Vicki] received a one ninth share in her mother's home, but there is no indication that she receives any income or benefit from it and the court received no specific information as to the value of the real estate. [Vicki's] mother died in 2002.

It appears that [Henry] received an interest from an oil and gas lease also in the state of Kentucky. He may have received money or other things of value by inheritance. Again, the court was not provided with any specific information about those assets or their value.

App. pp. 7-8.

[9] Our supreme court has held that, where "the parties fail to present evidence as to the value of assets, it will be presumed that the trial court's decision is proper." *Quillen v. Quillen*, 671 N.E.2d 98, 103 (Ind. 1996). It is incumbent on the parties to present evidence of the value of property to the trial court, and trial courts do not err in failing to assign values to property where no evidence of such value was presented. *Balicki v. Balicki*, 837 N.E.2d 532, 537-38 (Ind. Ct. App. 2005), *trans. denied*. Henry cannot now argue concerning the trial court's failure to assign a value to Vicki's interest in the Kentucky property.[1]

---

[1] Henry argues that the Kentucky property should have been valued according to Vicki's testimony that the marital residence was "worth a whole lot more [than the Kentucky property], three time [sic] as much as that house in Kentucky." Tr. p. 33. Contrary to Henry's argument, Vicki's vague testimony is simply insufficient to establish a value of her interest in the Kentucky property. Henry also suggests that Vicki's occasional use

[10] Henry next argues that the trial court failed to assign a value to Vicki's two pensions. Indiana Code Section 31-15-7-4 requires all property to be considered in the marital estate. *Fobar v. Vonderahe*, 771 N.E.2d 57, 60 (Ind. 2002). With certain limited exceptions, the "one-pot" theory of Indiana family law specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award. *Balicki*, 837 N.E.2d at 539-40.

[11] Henry presented evidence that, as of October 3, 2013, Vicki's Schneider Electric pension had a value of $69,316, Vicki's Moore Wallace pension had a value of $24,457, and Henry's GenCorp pension had a value of $33,735. The trial court did not mention this evidence in its findings of fact or conclusions thereon. However, the trial court did note that Vicki received "slightly more from her two pensions than [Henry] does." App. p. 7. The trial court ordered that each party have their own pensions as their sole and separate property. "Valuing a pension requires a court to determine (1) what evidence must be presented to establish the value of the benefit, (2) what date must be used to assign a dollar amount to the benefit, and (3) how much of the benefit's value was the result of contributions made after the final separation date." *Leonard v. Leonard*, 877 N.E.2d 896, 900 (Ind. Ct. App. 2007). The trial court failed to engage in this analysis. To the extent that the trial court failed to consider the present value of the pensions, it was in error.

---

of the Kentucky property is evidence of a non-monetary benefit. Again, Henry presented no evidence concerning the value of such a non-monetary benefit.

Finally, Henry argues that the trial court erred by excluding the mortgage from the marital debts. The trial court ordered that Henry have the marital residence subject to the mortgage thereon as his sole and separate property. In the context of discussing Henry's dissipation of assets and hiding assets, the trial court later noted: "The court is not taking the existing mortgage, claimed by Husband, into account because it appears to be entirely the result of Husband's credit card spending." App. p. 12. It is not entirely clear from the findings of fact or conclusions thereon that the trial court excluded the mortgage from the marital debts. However, to the extent that it did so, the trial court erred.

## II. Division of Marital Property

Not every error in the division of martial assets, however, warrants reversal. *Elkins v. Elkins*, 763 N.E.2d 482, 487 (Ind. Ct. App. 2002). Even in cases where trial courts have erroneously excluded assets from the marital estate, we have affirmed the property division when the error was harmless. *Helm v. Helm*, 873 N.E.2d 83, 89 (Ind. Ct. App. 2007). When the trial court's reasons for awarding certain assets to one party support an unequal division of property, we will affirm despite an erroneous exclusion of property. *Id.*

We review a trial court's division of a marital estate for an abuse of discretion. *J.M. v. N.M.*, 844 N.E.2d 590, 602 (Ind. Ct. App. 2006), *trans. denied*. An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* In reviewing a trial court's division of a marital estate, we consider only the evidence most favorable to the trial court, and we may not reweigh the evidence or reassess the credibility of

witnesses. *Id.* A trial court's discretion in dividing marital property is to be reviewed by considering the division as a whole, not item by item. *Fobar*, 771 N.E.2d at 59. The party challenging the trial court's division of the marital estate must overcome a strong presumption that it considered and complied with the applicable statute. *J.M.*, 844 N.E.2d at 602.

[15] Indiana Code Section 31-15-7-5 provides that the trial court "shall presume that an equal division of the marital property between the parties is just and reasonable." However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

> (1)    The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

> (2)    The extent to which the property was acquired by each spouse:

> > (A)   before the marriage; or

> > (B)   through inheritance or gift.

> (3)    The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4)     The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5)     The earnings or earning ability of the parties as related to:

(A)     a final division of property; and

(B)     a final determination of the property rights of the parties.

Ind. Code § 31-15-7-5.

[16]     Henry argues that the trial court failed to specifically state that it was deviating from an equal division of the marital property. However, the order as a whole clearly indicates that the trial court was deviating from the statutory presumption of an equal division. The trial court made findings relevant to each of the five factors listed in Indiana Code Section 31-15-7-5.

[17]     As for the contribution of each spouse to the acquisition of the property, the trial court found that Henry had been disabled and unable to work for nearly twenty years and that Vicki's income had paid most of the household bills. As for inheritances, although Vicki inherited a one-ninth interest in a Kentucky property and Henry received an interest in an oil and gas lease, evidence concerning the value of those inheritances was not presented by the parties. Concerning the economic circumstances of the parties and their earning abilities, the trial court noted that both parties were retired and that Vicki's health was not good. Finally, the trial court made substantial findings

regarding Henry's dissipation of assets during the marriage and his hiding of assets. The trial court noted that Henry had hidden personal injury settlement money during the marriage and that he had incurred substantial credit card debts throughout the marriage, resulting in multiple bankruptcy filings. The findings of fact and conclusions thereon are clear that the trial court found a proper basis for deviating from the statutory presumption of an equal division.

[18] The trial court here satisfactorily explained its unequal division of the marital property. Despite any error in the trial court's valuation of the pensions or exclusion of the mortgage debt, we conclude that any such error was harmless because the trial court otherwise satisfied the requirements of Indiana Code Section 31-15-7-5 and its reasons for awarding a greater share to Vicki fully justify the unequal division. *See, e.g., Helm*, 873 N.E.2d at 90.

## Conclusion

[19] Any error in the trial court's consideration of the pensions or the mortgage debt was harmless error. The trial court's unequal division of the marital assets is not clearly erroneous. We affirm.

[20] Affirmed.

[21] Altice, J., concurs.

Robb, J., dissents with separate opinion.

Henry Shell,

*Appellant- Respondent,*

v.

Vicki Shell,

*Appellee-Petitioner.*

[Add Hand-down date]

Court of Appeals Case No.
52A05-1505-DR-456

**Robb, Judge, dissenting**

I respectfully dissent.

With respect to the valuation – or lack thereof – of Vicki's interest in the Kentucky property, the majority concludes Henry cannot now argue about the trial court's failure to assign a value because neither party presented evidence as to the value of the property or Vicki's interest in it. It appears, however, that Vicki failed to respond to either Henry's *or the trial court's* requests that she provide specific information as to the value. Even if the only evidence is Vicki's "vague testimony" of the property's value in comparison to the marital

residence, it is clear the property *has* value, and I cannot agree with the majority that the trial court did not err in assigning it no value.

With respect to Vicki's pensions, I agree with the majority that the trial court erred in failing to consider Henry's evidence of the actual value of the parties' pensions, instead simply stating that Vicki's pensions were "slightly more" than Henry's and setting them off to the respective parties. In fact, the evidence shows Vicki's pensions are worth more than twice Henry's. With respect to the mortgage on the marital residence, the trial court based its decision on Henry's credit card spending. However, without context for the credit card debt (for instance, was it incurred for family purposes or Henry's alone?), we cannot assess whether it constitutes dissipation. I agree with the majority that to the extent the trial court did not include the debt in the marital pot, it erred.

Despite finding errors in the trial court's valuation of the marital property, the majority nonetheless determines the errors are harmless and the trial court's unequal property division in Vicki's favor was not clearly erroneous. Because there were so many errors in valuation, and because all the errors favored Vicki, I cannot agree that the errors were necessarily harmless. Perhaps they were, but we are not able to evaluate the harm on a fully informed basis. Therefore, I also cannot agree that the trial court's property division is not clearly erroneous, as it is, itself, based on acknowledged errors. I would remand to the trial court to fix its errors in valuing the marital property and reconsider its property division.