# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael D. Sears
Jacquelyn S. Pillar
Crist, Sears, & Zic, LLP
Munster, Indiana

ATTORNEY FOR APPELLEE

Adam J. Sedia
Rubino, Ruman, Crosmer, & Polen
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ArcelorMittal USA, LLC Pension Plan,

*Appellant-Defendant,*

v.

Jackie L. Hickey,

*Appellee-Plaintiff*

June 30, 2016

Court of Appeals Case No.
45A03-1509-DR-1537

Appeal from the Lake Circuit Court

The Honorable George C. Paras, Judge

The Honorable Robert G. Vann, Magistrate

Trial Court Cause No.
45C01-0912-DR-990

**Mathias, Judge.**

[1] Arcelormittal USA, LLC Pension Plan ("the Plan") filed a motion in Lake Circuit Court to intervene in the dissolution action between Jackie L. Hickey

("Wife") and Michael J. Hickey ("Husband"). The Plan also filed a motion for relief from judgment seeking to set aside the trial court's order granting Wife's motion for relief from judgment which set aside the trial court's earlier order dissolving her marriage to Husband. The trial court denied the Plan's motion to intervene, and the Plan appeals. On appeal, the Plan presents two issues, one of which we find dispositive: whether the trial court abused its discretion in denying the Plan's motion to intervene. Concluding that the trial court abused its discretion in denying the Plan's motion to intervene, we reverse and remand.

## Facts and Procedural History

Husband and Wife were married in 1980. During the marriage, Husband worked at Inland Steel and earned a pension which is administered by the Plan. On December 9, 2009, Husband filed a petition in the trial court seeking to dissolve his marriage with Wife. The trial court entered a provisional order on February 17, 2010. The parties appeared in court on April 3, 2012, for what was intended to be a final hearing. Husband appeared with counsel, and Wife appeared *pro se*. The parties still did not agree on the distribution of the marital property, nor had the value of Husband's pension been determined. Instead of continuing the hearing, the trial court chose to bifurcate the proceedings and issued an order that same day dissolving the marriage and setting a hearing on the distribution of marital assets to be held on May 30, 2012.

On May 30, however, the parties informed the trial court that the value of the pension had still not been determined and that the parties' vehicles had not been sold. Accordingly, the trial court ordered the parties to appear for a status

hearing on July 10, 2012. At this hearing, the parties informed the trial court that the pension valuation had been completed but that their vehicles had not yet been sold. At the conclusion of the hearing, the trial court entered an order stating that Wife "shall be named Alternative Payee" of Husband's pension. It also ordered that Wife be awarded 33.5% of the monthly pension benefits that would otherwise go to Husband. Lastly, the court ordered Husband's counsel to file a qualified domestic relations order ("QDRO") regarding the pension within sixty days.

[4] On August 31, 2012, before the QDRO was prepared or filed, Husband died. On October 29, 2012, counsel made an appearance on behalf of Wife. On April 11, 2013, Wife filed a motion to substitute the Estate of Michael J. Hickey ("the Estate") as a party to the action, which the trial court granted. On April 16, 2013, Wife filed a motion to set aside the previously entered decree of dissolution.

[5] On December 17, 2013, the trial court held a hearing on Wife's motion to set aside, at which Wife and the Estate appeared by counsel. The trial court entered an order on May 23, 2014, granting Wife's motion and providing in relevant part:

> 1. The Decree of Dissolution entered in this matter on April 16, 2012, is void and is set aside Nunc Pro Tunc to April 16, 2012.
>
> 2. The order is void. Indiana Code 31-15-2-14 requires that when a divorce proceeding is bifurcated that the parties sign a written waiver of final hearing and a statement explaining what items are agreed upon and which items are still in dispute. No

such written agreement was filed in this matter. The statute which allows for a bifurcated hearing in a dissolution is in degradation [sic] of the common law and must be strictly construed.

3. As such Jackie Cummins is now the widow of Michael Hickey and is entitled to the marital residence, the 199 [sic] Winnebago Motor Home, the 1978 Chevrolet Corvette, the 1996 Chevrolet S-10 truck, the 1976 Honda Custom Chopper, and the 2001 PT Cruiser is Wife's as the jointly titled owner and widow.

4. As this Court required an estate to be opened for Michael Hickey, and Attorney David Masse agreed, without receiving a retainer, to do so, this completes this matter. David Masse requests attorney fees in the amount of $2,000.00 and the Court now orders that Jackie Cummins pay Mr. Masse's fee in the amount of $2,000.00.

FOUND and RECOMMENDED this 23 day of May, 2014, and entered NUNC PRO TUNC to April 16, 2012.

Appellant's App. pp. 37-38. The Estate did not appeal this order.

[6] On August 6, 2014, the Plan filed a motion to intervene and reinstate the dissolution action and also filed a motion to set aside the May 23 order which set aside the earlier dissolution decree. After Wife responded, the trial court held a hearing on the matter on October 21, 2014. On February 17, 2015, the trial court entered an order denying the motion to intervene and reinstate the action. Having denied the motion to intervene, the trial court did not rule on the Plan's motion to set aside. On March 17, 2015, the Plan filed a motion for entry of judgment or, in the alternative, to certify the trial court's February 17 order for interlocutory appeal. The trial court held a hearing on this motion on June 3, 2017, and, on August 27, 2015, certified its February 17 order for

interlocutory appeal. This court subsequently accepted interlocutory jurisdiction, and this appeal ensued.

## Discussion and Decision

[7] The Plan first argues that the trial court erred in denying the Plan's motion to intervene in the dissolution action between Wife and Husband's Estate. Motions to intervene are governed by Indiana Trial Rule 24, which provides:

> **(A) Intervention of right.** Upon timely motion anyone shall be permitted to intervene in an action:
>
>> (1) when a statute confers an unconditional right to intervene; or
>>
>> (2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.
>
> **(B) Permissive intervention.** Upon timely filing of his motion anyone may be permitted to intervene in an action:
>
>> (1) when a statute confers a conditional right to intervene; or
>>
>> (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive administrative order, the governmental unit upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider

whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**(C) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and set forth or include by reference the claim, defense or matter for which intervention is sought. *Intervention after trial or after judgment for purposes of a motion under Rules 50, 59, or 60, or an appeal may be allowed upon motion.* The court's determination upon a motion to intervene shall be interlocutory for all purposes unless made final under Trial Rule 54(B).

(emphasis added).

[8]     The Plan argues that it has a right to mandatory intervention under Trial Rule 24(A)(2). The Plan contends that it meets all of the requirements for mandatory intervention: (1) it has an interest in the subject of the action; (2) disposition in the action may as a practical matter impede protection of that interest; and (3) representation of the interest by existing parties is inadequate. *In re Paternity of Duran*, 900 N.E.2d 454, 467 (Ind. Ct. App. 2009). The timeliness of the request to intervene is another factor which must also be considered. *Id.*

[9]     Although Trial Rule 24(C) expressly provides for intervention after a judgment for purposes of filing a motion for relief from judgment under Trial Rule 60(B), it has been held that such post-judgment motions to intervene are disfavored, and are appropriate only in "extraordinary and unusual circumstances," where the rights of the proposed intervenor cannot otherwise be protected. *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 816 (Ind. 2012).

[10] A motion for permissive intervention is obviously directed to the discretion of the trial court, but a motion for intervention as of right does not pose a pure question of law. *Id.* (citing *Llewellyn v. Beasley*, 415 N.E.2d 789, 792 (Ind. Ct. App. 1981)). Instead, "'[d]eterminations as to intervention as a matter of right under T.R. 24(A)(2) must be classed as a mixed question of law and fact.'" *Id.*

[11] The party seeking intervention bears the burden of meeting the requirements of Trial Rule 24(A)(2). *See Barabas*, 975 N.E.2d at 812. The trial court has discretion to determine whether a prospective intervenor has met this burden, we review the trial court's ruling on a motion to intervene for abuse of discretion and assume that all facts alleged in the motion are true. *Id.*

[12] Here, it is clear that the Plan has "an interest relating to a property, fund or transaction which is the subject of the action." T.R. 24(A)(2). Husband's pension is clearly marital property subject to distribution in the dissolution action. *See* Ind. Code § 31-9-2-98(b)(1) & (2) (defining "property" for purposes of marital dissolution to include "a present right to withdraw pension or retirement benefits" and "the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested . . . but that are payable after the dissolution of marriage[.]"); *In re Marriage of Nickels*, 834 N.E.2d 1091, 1097 (Ind. Ct. App. 2005) (noting that pension benefits are marital property if the benefits are not forfeited at the termination of employment, or the benefits are vested and payable before or after the dissolution).

[13] Moreover, it appears that the disposition of the dissolution action might, as a practical matter, impair or impede the Plan's ability to protect its interest in the property. Indeed, the Plan is the administrator of these pension benefits and obviously has an interest in the distribution of the pension benefits: if Wife is deemed to be Husband's widow she will receive his pension benefits, but if she is deemed to have been divorced she will receive no pension benefits.[1]

[14] This leads us to the question of whether the Plan's interests were adequately represented by the existing parties. The Plan argues that the Estate had no motive to represent the Plan's interests regarding the pension. We agree. If Wife is considered to be Husband's ex-spouse and receives no pension, this result does not injure or impair the Estate. If Wife is considered to be Husband's widow, then she would be entitled to pension benefits as a widow; this result also does not injure or impair the Estate. Therefore, although the Estate may have had an interest in the broader question of whether Wife was to be considered Husband's ex-spouse or his widow, it had no interest in the questions regarding the pension. Accordingly, we conclude that the trial court abused its discretion when it denied the Plan's motion to intervene.

[15] The Plan further argues that the trial court erred in effectively denying its motion to set aside and that we should reverse the trial court on this issue as

---

[1] The parties agree that if Wife is not deemed to be Husband's widow, then she will receive no pension benefits. The Plan claims that this is because Wife expressly waived her right to the qualified survivor annuity at the time of Husband's retirement.

well. However, the trial court denied the Plan's motion to intervene, and it never actually ruled on the Plan's motion to set aside. Thus, the trial court never considered the Plan's motion to set aside on the merits, and we are not a court of first instance. Accordingly, we remand this cause with instructions that the trial court address the Plan's motion to set aside on its merits.

[16] Reversed and remanded.

Vaidik, C.J., and Barnes, J., concur.